IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEON SCOTT BALLARD, #144373                                      PLAINTIFF

VERSUS                           CIVIL ACTION NO. 3:09cv234-TSL-JCS

RICHLAND POLICE DEPARTMENT,
DALTON J. MCDONALD,
BENJAMIN L. DRAKE
and BRANDON Q. THURMAN                                           DEFENDANTS

ORDER

Upon consideration of the complaint [1] filed pursuant to 42 U.S.C. § 1983, amended complaint [4] and response [9], this court makes the following findings. The named defendants are Richland Police Department, Dalton J. McDonald, Benjamin L. Drake and Brandon Q. Thurman.

The plaintiff complains that he was arrested as a result of an illegal stop and search and seizure conducted by defendants McDonald, Drake and Thurman. The plaintiff further complains that his diamond jewelry was seized and not returned to him. Having reviewed the allegations of the instant civil action, this court finds that the Richland Police Department "is not a proper party defendant in this civil rights suit arising from the purported actions of the City's police officer." Parker v. Fort Worth Police Department, 980 F.2d 1023 (5th Cir. 1993) citing Darby v. Pasadena Police Department, 939 F.2d 311, 313-14 (5th Cir. 1991). Moreover, since the plaintiff has named the individual police officers in the instant civil action, defendant Richland Police Department will be dismissed. Accordingly, it is

**ORDERED**

1.  That Richland Police Department be dismissed with prejudice as a defendant in this action.

2.  That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3.  That the United States District Clerk is hereby directed to issue summons to the defendants,

> **LIEUTENANT DALTON J. MCDONALD**
> **Richland Police Department**
> **371 Scarbrough St.**
> **Richland, MS 39218**
>
> **BENJAMIN L. DRAKE**
> **Richland Police Department**
> **371 Scarbrough St.**
> **Richland, MS 39218**
>
> **BRANDON Q. THURMAN,**
> **Richland Police Department**
> **371 Scarbrough St.**
> **Richland, MS 39218**

<u>requiring a response to the complaints</u>. The Clerk is directed to attach a copy of this order to each complaint [1], amended complaint [4], order [6] entered on June 29, 2009, order [7] entered also on June 29, 2009 and response [9] that will be served on the named defendants. The United States Marshal shall

serve the same pursuant to 28 U.S.C. § 1915(d).

4. That the defendants file their answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this court.

5. That subpoenas shall not be issued except by order of the court. The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all requests for the issuance of subpoenas to the Magistrate Judge's office for review.

**The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the    21st    day of July, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE